IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KENNETH GOURLEY,

    Petitioner,

v.                                               No. 1:17-cv-01085-JDB-egb

RUSTY WASHBURN,

    Respondent.

ORDER GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Petitioner, Kenneth Gourley, has filed an amended *pro se* habeas corpus petition under 28 U.S.C. § 2254 ("Amended Petition"). (Docket Entry ("D.E.") 7.) Before the Court is the motion of Respondent, Rusty Washburn, to dismiss the Amended Petition. (D.E. 17.) For the following reasons, the motion is GRANTED.

## I. BACKGROUND

### A. State Court Proceedings

    In 2011, Petitioner pled guilty in the Dyer County, Tennessee, Criminal Court to possession of methamphetamine with intent to sell. (D.E. 19-1 at PageID 63; D.E. 7 at PageID 14.) On March 8, 2011, the court sentenced him to ten years' imprisonment and entered judgment. (D.E. 7 at PageID 14.) The inmate did not appeal his conviction or seek post-conviction relief in the state courts. (*Id.* at PageID 15-16.)

    Prior to the expiration of his sentence, Petitioner was released on parole, but was later charged with failure to appear. (D.E. 17-2.) On August 8, 2017, upon a plea of guilty, he was sentenced to one year in prison. (*Id.*) His appeal on that conviction is currently pending before

1

the Tennessee Court of Criminal Appeals. (D.E. 7 at PageID 23); *see State v. Gourley*, No. W2017-00919-CCA-R3-CD (Tenn. Crim. App. appeal docketed Apr. 25, 2017).

### B. Federal Habeas Claims

On May 3, 2017, Petitioner filed a *pro se* habeas corpus petition ("Petition") with this Court. (D.E. 1.) He subsequently filed an amended petition ("Amended Petition") on the Court's official § 2254 form, in which he raises the following claims:

1. Petitioner's guilty plea was involuntary because his co-defendant, "Mr. Jimmy Allen Warden[,] intimidated [him] by threat of murder if [he] did not plead guilty." (D.E. 7 at PageID 18.)

2. Petitioner was "not in possession" of methamphetamine because he was a mere "passenger in Mr. Warden'[s] vehicle." (*Id.* at PageID 19.)

3. Petitioner was subject to "official misconduct and oppression [and] malicious harassment" by "being charged for another['s] possessions, while the arresting officer was aware of who was in the true possession." (*Id.* at PageID 21.)

## II. DISCUSSION

Respondent has moved to dismiss the Amended Petition on the grounds that the Petition was filed late and that equitable tolling is not warranted. (D.E. 17-1 at PageID 50-52; D.E. 17.) The inmate did not initially file a response to the motion, although allowed to do so. (*See* D.E. 13 at PageID 41.) On November 9, 2017, the Court ordered him to show cause why the Amended Petition should not be dismissed. (D.E. 18.)

In response to the Court's order, Petitioner filed a brief in opposition to the motion to dismiss and a sworn declaration. (D.E. 19-1; D.E. 19.) In his declaration, he alleges that he was unable to timely file his Petition because he was under threat of death by a co-defendant for over six years.

### A. Legal Standards

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year limitations period is subject to equitable tolling where the petitioner demonstrates that he has been "pursuing his rights diligently" and "'that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has "repeatedly cautioned that equitable tolling should be granted 'sparingly.'" *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (quoting *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006)).

### B. Gourley's Limitations Period

In this case, § 2244(d)(1)(A) applies. Petitioner thus had one year after his conviction became final to file a § 2254 petition. Because he did not take a direct appeal, his conviction became final on Thursday, April 7, 2011—thirty days after entry of judgment on March 8, 2011. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605, 609 (6th Cir.

2013) (holding that where no appeal was filed, the petitioner's conviction was final when the time for a direct appeal expired); Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal . . . shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . . .").

Petitioner's limitations "clock" started the next day, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on April 8, 2012. Because he did not seek federal habeas relief until May 3, 2017, his Petition was untimely by over five years.

**C. Equitable Tolling**

Gourley does not dispute that he filed his Petition well beyond the time prescribed, but argues that he is entitled to equitable tolling. He alleges that he was unable to timely file the Petition because his co-defendant, Jimmy Allen Warden, "told [him] [he] had to plead guilty to the charges [they] were arrested on and not file any appeals or [he] would be killed." (D.E. 19-1 at PageID 62.) At the time of the alleged threat, "Mr. Warden had already been charged with attempted murder." (*Id.* at PageID 63.) "In fear for [his] life," Petitioner "pled guilty . . . and did not file any appeals." (*Id.*) The inmate further claims that "[o]n or about the 15th day of February, 2017, [he] found out that Mr. Warden had been arrested and placed into federal custody and was no longer a threat." (*Id.*) He then "diligently began working on [his] appeal and filed [his] § 2254 habeas petition on May 3, 2017." (*Id.*)

For purposes of the present analysis, the Court assumes that a petitioner who faces a credible threat that he will be killed if he files a § 2254 petition confronts an extraordinary circumstance. The Court finds, however, that Petitioner has not alleged facts that, if established, would entitle him to equitable tolling.

4

Most notably, Petitioner does not describe a credible threat. Although he avers that Warden threatened to kill him if he did not plead guilty or if he took an appeal, he does not insist that the threat extended to the filing of a § 2254 petition. Even if Petitioner understood the threat to encompass his efforts to secure federal post-conviction relief, nothing in his submissions suggests that Warden would have been in a position to make good on his threat while Petitioner was in state custody, or that he continued to intimidate him over the course of several years.

Gourley also has not maintained diligence in pursuing his federal habeas rights. His brief and declaration do not describe any efforts he undertook to try to overcome the obstacle during or after the limitations period. In fact, he describes the threat as having been made prior to the time he pled guilty, but only alleges that he began to "diligently pursue[] his federal remedies" after February 15, 2017, when he learned that his co-defendant "was no longer a threat." (D.E. 19-1 at PageID 59.) He also does not explain why, after learning of Warden's federal incarceration, it took him an additional two and one-half months—until May 3, 2017—to file his Petition.

At bottom, Petitioner has failed to show an adequate reason to excuse his five-year delay in seeking federal habeas relief. *See e.g.*, *Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (where the petition was filed seven months late, holding that "the length of [the] delay does not support the application of equitable tolling; in fact, the length of [the] delay actually suggests that equitable tolling is not appropriate in this case").

The Amended Petition is therefore DISMISSED as untimely.

### III. APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional

5

right.  28 U.S.C. § 2253(c)(2)-(3).  A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (6th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition.  Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 14th day of June 2018.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE